# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIEM QUANG NGUYEN,** : | CIVIL ACTION NO. 1:05-CV-2690 |
| Petitioner : | (Judge Conner) |
| v. : | |
| **ALBERTO GONZALES,** : | |
| Respondent : | |

## MEMORANDUM

Diem Quang Nguyen ("Nguyen"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the Clinton County Correctional Facility, McElhattan, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241on December 30, 2005. (Doc. 1). For the reasons set forth below, a portion of Nguyen's petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13. The remaining portions will be transferred to the Third Circuit Court of Appeals.

## I.   Statement of Facts

Nguyen, a native and citizen of Vietnam, is subject to a final order of removal from the United States dated February 14, 2005, and reissued on October 28, 2005. (Doc. 1, pp. 15, 16 ). ICE took custody of him on September 30, 2005. (Doc. 1, p. 5).

Nguyen indicates that, to date, ICE has been unable to remove him to Vietnam, or any other country. (Doc. 1, pp. 7, 9). He represents that he would not pose a threat to society and is not a flight risk. He is seeking release pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

Nguyen also seeks a stay of the removal order and an extension of time to file a petition for review challenging the underlying order of removal.

## II. Discussion

### A. Request for Release

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6).

8 U.S.C. §1231. The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701. If at the conclusion of the six month

period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

The mandatory detention provision has recently expired, and jurisdiction to make a determination concerning Nguyen's custody now lies with the HQPDU. It does not appear that he filed a written request for release with the HQPDU.

Consequently, ICE will be ordered to treat the petition as a request for release under 8 C.F.R. §241.13. ICE shall respond to the request within thirty days.

Having referred the issue of release to the government for disposition under existing review procedures, this portion of Nguyen's petition will be denied.

B.  <u>Motions for stay and extension of time to file a petition for review</u>

Included in the petition are motions to stay the removal order and to extend the time to file a petition for review challenging the order of removal. (Doc. 1, pp. 6, 8, 10). Jurisdiction over final orders of removal now lies exclusively in the courts of appeals pursuant to a petition for review. <u>See</u> 8 U.S.C. § 1252(a)(1) and (5); <u>Kamara v. Attorney Gen. of the U.S.</u>, 420 F.3d 202, 210 (3d Cir. 2005) (holding that the Real ID Act of 2005, Pub. L. No. 109-13, § 106, 119 Stat. 231, 310-11, eliminated district courts' habeas corpus jurisdiction over final orders of removal in almost all cases, but restored judicial review of constitutional claims and questions of law *via* petitions for review, to the courts of appeals). Accordingly, this portion of the petition for writ of habeas corpus will be TRANSFERRED to the United States Court of Appeals for the Third Circuit. <u>See</u> Real ID Act § 106, 119 Stat. at 310-11.

AND NOW, this 11th day of January 2006, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1.  As of the date of this Order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13. ICE shall provide petitioner with a response to his request within thirty days.

2.  The Clerk of Court is directed to serve a copy of the petition and this order on respondent and the United States Attorney.

3.   The petition for writ of habeas corpus is DENIED with respect to the request for release.

4.   The portion of the petition concerning petitioner's motions for a stay and for extension of time to file a petition for review is TRANSFERRED to the United States Court of Appeals for the Third Circuit.  See Real ID Act § 106, 119 Stat. at 310-11.

5.   The Clerk of Court is directed to CLOSE this case.


    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge